**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 20-cv-23352-BLOOM/Louis**

DOUG LONGHINI,

    Plaintiff,

v.

KENDALL LAKES OFFICE PARK
CONDOMINIUM ASSOCIATION, INC.,

    Defendant.
_____/

**ORDER ON MOTION TO STRIKE AFFIRMATIVE DEFENSES**

**THIS CAUSE** is before the Court upon Plaintiff's Motion to Strike Affirmative Defenses, ECF No. [29] ("Motion"). Defendant filed a Response, ECF No. [30] ("Response"), to which Plaintiff filed a Reply, ECF No. [31] ("Reply"). The Court has considered the Motion, all opposing and supporting submissions, the record in the case, the applicable law, and is otherwise fully advised. For the reasons that follow, the Motion is granted, and Defendant is granted leave to amend the Affirmative Defenses at issue.

**I. BACKGROUND**

On August 12, 2020, Plaintiff initiated the instant action against Defendant for declaratory and injunctive relief, and attorneys' fees, costs, and expenses pursuant to 42 U.S.C. § 12181, *et seq.* (the "ADA"), and 28 U.S.C. §§ 2201 and 2202. *See* ECF No. [1] ("Complaint"). On September 18, 2020, Defendant filed its Answer and Affirmative Defenses to Plaintiff's Complaint, ECF No. [12] ("Affirmative Defenses"), asserting eight affirmative defenses.

Plaintiff now moves to strike Defendant's Second, Third, Fourth, Fifth, Sixth, and Seventh Affirmative Defenses as bare bones, conclusory allegations that are devoid of any facts. Defendant

takes the opposing position, arguing that each challenged affirmative defense sufficiently puts Plaintiff on notice of the issues it intends to litigate. Alternatively, Defendant requests leave to amend its Affirmative Defenses to assert more specific bases for each defense.

## II.   LEGAL STANDARD

An affirmative defense is a defense "that admits to the complaint, but avoids liability, wholly or partly, by new allegations of excuse, justification, or other negating matters." *Adams v. Jumpstart Wireless Corp.*, 294 F.R.D. 688, 671 (S.D. Fla. 2013). A defense that addresses a defect in a party's claim or that fails to put the opposing party on notice of the nature of the defense is not a properly asserted affirmative defense. *Id.*

Federal Rule of Civil Procedure 12(f) permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter," and grants courts broad discretion in making this determination. Fed. R. Civ. P. 12(f); *Morrison v. Exec. Aircraft Refinishing, Inc.*, 434 F. Supp. 2d 1314, 1318-19 (S.D. Fla. 2005) (citing *Williams v. Eckerd Family Youth Alt.*, 908 F. Supp. 908, 910 (M.D. Fla. 1995)). A Rule 12(f) "motion to strike will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." *Harty v. SRA/Palm Trails Plaza, LLC*, 755 F. Supp. 2d 1215, 1218 (S.D. Fla. 2010) (internal quotation and citation omitted); *Action Nissan, Inc. v. Hyundai Motor Am.,* 617 F. Supp. 2d 1177, 1187 (M.D. Fla. 2008) (same); *see also Home Mgmt. Solutions, Inc. v. Prescient, Inc.*, No. 07-20608-CIV, 2007 WL 2412834, at *1 (S.D. Fla. Aug. 21, 2007) (same). Despite the Court's broad discretion, a motion to strike is considered a drastic remedy and is often disfavored. *See Thompson v. Kindred Nursing Ctrs. E., LLC*, 211 F. Supp. 2d 1345, 1348 (M.D. Fla. 2002) (quoting *Augustus v. Bd. of Pub. Instruction of Escambia Cty., Fla.*, 306 F.2d

862, 868 (5th Cir. 1962));[1] *Fabing v. Lakeland Reg'l Med. Ctr., Inc.*, No. 8:12-cv-2624-T-33MAP, 2013 WL 593842, at *2 n.2 (M.D. Fla. 2013) (calling Rule 12(f) a "draconian sanction").

Even so, "an affirmative defense must be stricken when the defense is comprised of no more than 'bare-bones, conclusory allegations' or is 'insufficient as a matter of law.'" *Northrop & Johnson Holding Co., Inc. v. Leahy*, No. 16-cv-63008, 2017 WL 5632041, at *3 (S.D. Fla. Nov. 22, 2017) (quoting *Adams*, 294 F.R.D. at 671; *Home Mgmt. Sols., Inc.*, 2007 WL 2412834, at *2). "A defense is insufficient as a matter of law only if: (1) on the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law." *Microsoft Corp. v. Jesse's Computers & Repair, Inc.*, 211 F.R.D. 681, 683 (M.D. Fla. 2002).

"Courts have developed two schools of thought regarding the pleading standard required for affirmative defenses, and the Eleventh Circuit has not yet resolved the split in opinion." *Ramnarine v. CP RE Holdco 2009-1, LLC*, No. 12-61716-CIV, 2013 WL 1788503, at *1 (S.D. Fla. Apr. 26, 2013). Some courts have concluded that affirmative defenses are subject to the heightened pleading standard of Rule 8(a), as set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). *See Moore v. R. Craig Hemphill & Assocs.*, No. 3:13-cv-900-J-39-PDB, 2014 WL 2527162, at *2 (M.D. Fla. May 6, 2014); *see also Adams v. JP Morgan Chase Bank, N.A.*, No. 3:11-cv-337-J-37MCR, 2011 WL 2938467, at *2-3 (M.D. Fla. July 21, 2011). Other courts have held that affirmative defenses are subject to a less stringent standard under Rules 8(b) and 8(c), and that affirmative defenses need only "provide fair notice of the nature of the defense and the grounds upon which it rests." *See*, *e.g.*, *Gonzalez v. Midland Credit Mgmt., Inc.*, No. 6:13-cv-1576-Orl-37TBS, 2013 WL 5970721, at *3 (M.D. Fla.

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981), the Court of Appeals for the Eleventh Circuit adopted as binding precedent all decisions of the Court of Appeals of the Fifth Circuit issued prior to October 1, 1981.

Nov. 8, 2013); *Jackson v. City of Centreville*, 269 F.R.D. 661 (N.D. Ala. 2010); *Romero v. S. Waste Sys., LLC*, 619 F. Supp. 2d 1356, 1358 (S.D. Fla. 2009); *Sparta Ins. Co. v. Colareta*, No. 13-60579-CIV, 2013 WL 5588140, at *3 (S.D. Fla. Oct. 10, 2013).

The difference in language between Rule 8(a) and Rule 8(b) is subtle, but significant. While Rule 8(a) requires "a short and plain statement of the claim showing that the pleader is entitled to relief," Rule 8(b) merely requires that a party "state in short and plain terms its defenses to each claim asserted against it." Fed. R. Civ. P. 8(a) and (b). In plain terms, the language of Rule 8(a) requires the party to "show" that they are entitled to relief, while Rule 8(b) does not. *See Moore*, 2014 WL 2527162, at *2 ("Whereas [Rule 8's] pleading provision uses, 'showing,' its response and affirmative-defense provisions use, 'state,' and *Iqbal*'s and *Twombly*'s analyses relied on 'showing' "); *Ramnarine*, 2013 WL 1788503, at *3 (explaining that "the difference in the language between Rule 8(a) and Rules 8(b) and (c) requires a different pleading standard for claims and defenses"). Comparable to Rule 8(b), Rule 8(c) requires that a party "must affirmatively state any avoidance or affirmative defense." Fed. R. Civ. P. 8(c). "[T]he Eleventh Circuit has stressed providing notice as the purpose of Rule 8(c): '[t]he purpose of Rule 8(c) is simply to guarantee that the opposing party has notice of any additional issue that may be raised at trial so that he or she is prepared to properly litigate it.'" *Jackson v. City of Centreville*, 269 F.R.D. 661, 662 (N.D. Ala. 2010) (quoting *Hassan v. USPS*, 842 F.2d 260, 263 (11th Cir. 1988)).

In this Court's view, affirmative defenses are not subject to the heightened pleading standard elucidated in *Twombly* and *Iqbal*. The straightforward construction of Rule 8 delineates different standards for pleadings generally, and those applicable to defenses. *See* Fed. R. Civ. P. 8. As noted by the Middle District of Alabama, "to artificially supply Rules 8(b)(1) and 8(c)(1) with the unique language of Rule 8(a)(2) requiring a 'showing' is to contravene well-established

principles of statutory construction, which have been found applicable to interpreting the Federal Rules of Civil Procedure." *E.E.O.C. v. Joe Ryan Enters., Inc.*, 281 F.R.D. 660, 663 (M.D. Ala. 2012) (citing *Bus. Guides v. Chromatic Comms. Enter., Inc.*, 498 U.S. 533, 540-41 (1991)). Furthermore, "when one considers that a defendant must answer the complaint within 21 days, imposing a different standard for defenses is not unfair." *Floyd v. SunTrust Banks, Inc.*, No. 1:10-cv-2620-RWS, 2011 WL 2441744, at *8 (N.D. Ga. June 13, 2011).

### III. DISCUSSION

Plaintiff contends that the Second through Seventh Affirmative Defenses should be stricken because they are conclusory and fail to present any facts explaining how the affirmative defense applies in this case. Defendant, on the other hand, contends that these affirmative defenses sufficiently provide Plaintiff with notice that it intends to litigate issues pertaining to whether the property modifications sought in this case are readily achievable.

The affirmative defenses at issue state as follows:

**Second Affirmative Defense**: "[Defendant] is permitted to depart from the ADA and ADA Standards, to the extent that it provides 'equivalent facilitation' in the form of alternative designs and technologies that provide substantially equivalent or greater access to and usability of the facility. *See* 28 C.F.R. PART 36 APPENDIX B, § 103."

**Third Affirmative Defense**: "To the extent Plaintiff's claims require accommodations which are not 'readily achievable' or easily accomplishable and able to be carried out without much difficulty or expense within the meaning of 42 U.S.C. § 12181(9), Defendant is under no obligation to make such accommodation."

**Fourth Affirmative Defense**: "To the extent that any accommodations sought by Plaintiff (a) are not readily achievable, (b) pose an undue burden, and/or (c) pose a significant health and/or safety risk, Defendant is not required to make such accommodation."

**Fifth Affirmative Defense**: "To the extent that Plaintiff seeks modifications which will be disproportionate in cost or cost in excess of 20% of the alteration to the

>primary function area, such modification is not an 'alteration' within the meaning of the ADA."
>
>**Sixth Affirmative Defense**: "To the extent that Plaintiff seeks alterations where the nature of the existing facility makes it virtually impossible to comply fully with applicable accessibility standards through a planned alteration, [Defendant] is not required to make such alteration pursuant to 28 C.F.R. § 36.402(a)(1); 42 U.S.C. § 12183(a)(2)."
>
>**Seventh Affirmative Defense**: "Assuming *arguendo*, that the alleged barriers about which Plaintiff complains exist, to the extent it is structurally impracticable to alter or remove alleged barriers, [Defendant] is not required to alter or remove such barriers."

ECF No. [12] at 4-5.

Each of the challenged affirmative defenses above states a reason why Defendant believes it is exempt from certain modifications or complying with the requirements of the ADA. However, these defenses fail to set forth any facts explaining why Defendant believes an exemption applies in this case. Indeed, Defendant's affirmative defenses simply reiterate the statutory language, without any further clarification. The Court concludes that, even under a lower pleading standard for affirmative defenses, Defendant's affirmative defenses fail to provide Plaintiff with reasonable notice of what issues might be raised. *See, e.g.*, *Cohan v. Angler's Cove Condo. Ass'n, Inc.,* No. 2:14-cv-453-FtM-29CM, 2015 WL 3627172, at *2 (M.D. Fla. June 10, 2015) (concluding that defendant's affirmative defense was sufficiently pled where it alleged that "its property is water-front and Plaintiff's requested modifications or alterations (e.g., pathways, parking lot and/or entry to pools) could fundamentally alter the nature of services because they would interfere with the water-front nature of the property").

>Although Rule 8 does not obligate a defendant to set forth detailed factual allegations, a defendant must give the plaintiff "fair notice" of the nature of a defense and the grounds on which it rests. *Adams v. Jumpstart Wireless Corp.*, 294 F.R.D. 668, 671 (S.D. Fla. 2013); *see also Twombly*, 550 U.S. at 555. "A court must not tolerate shotgun pleading of affirmative defenses, and should strike vague and ambiguous defenses which do not respond to any particular count, allegation or

legal basis of a complaint." *Morrison v. Exec. Aircraft Refinishing, Inc.*, 434 F. Supp. 2d 1314, 1318 (S.D. Fla. 2005) (internal citations omitted).

*Tsavaris v. Pfizer, Inc.*, 310 F.R.D. 678, 682 (S.D. Fla. 2015).

Because Defendant's Second through Seventh Affirmative Defenses state bare-bones conclusions of law without any relevant factual support, they do not provide Plaintiff fair notice of the issues Defendant intends to raise. As such, Plaintiff's Motion is granted. Defendant is granted leave to amend its Second, Third, Fourth, Fifth, Sixth, and Seventh Affirmative Defenses to provide more factually specific allegations.

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiffs' Motion, **ECF No. [29]**, is **GRANTED**. Defendant is permitted to amend its Second, Third, Fourth, Fifth, Sixth, and Seventh Affirmative Defenses **on or before December 15, 2020.**

**DONE AND ORDERED** in Chambers at Miami, Florida, on December 3, 2020.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record